UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LOUISE COOK, as Personal Representative
of the Estate of Daniel F. Tessier, and
JONATHAN TESSIER, a minor,

   Plaintiffs,
v.

RICK ROTH, as Sheriff of Monroe County,
Florida,

   Defendant.
_____/

CASE NO. 02-10064-CIV-KING

FILED by W D.C.

MAY 29 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### ORDER TENTATIVELY GRANTING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY AND GRANTING DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF OTHER SUICIDES

  THIS CAUSE is before the Court upon Defendant's Motion *in Limine* to Exclude Expert Witness Testimony and Motion *in Limine* to Preclude Reference to other Suicides both filed on March 24, 2003. These motions were filed in response to the Court's instructions at the Status Conference held on March 7, 2003.

  In its Motion to Exclude Expert Witness Testimony, Defendant relies on Eleventh Circuit case law holding that weaknesses in a jail's screening methods aimed at identifying an inmate's suicidal tendencies, without more, is insufficient to show deliberate indifference. Tittle v. Jefferson County Commission, 10 F.3d 1535, 1540 (11th Cir. 1994). The Eleventh Circuit held that "deliberate indifference can only be established where a plaintiff demonstrates a 'strong likelihood, rather than a mere possibility,' that a suicide would result from defendant's actions or inactions." Id. (quoting Edwards v. Gilbert, 867 F.2d 1271, 1276 (11th Cir. 1989)). The record at this time is incomplete regarding the totality of the evidence to be yet presented on this issue. Plaintiffs may,



or may not, meet their burden of demonstrating that the threshold (on deliberate indifference) has been met. This burden of proof must be met prior to the offering of expert testimony on screening procedures. Thus, the expert is precluded from testifying until such time as Plaintiffs present other evidence, besides inadequacies in the screening process, which give rise to a strong likelihood of deliberate indifference on the part of Defendant.

In his separate Motion to Exclude Evidence of Other Suicides, Defendant seeks to preclude Plaintiffs from introducing evidence of other inmate suicides at the jail, arguing that the other suicides are irrelevant and unduly prejudicial. Plaintiffs argue that the evidence of the other suicides within a 23 month span shows "Defendant's generalized business practice or habit [with] regards [to] the detection and prevention of suicides in general." (Pls.' Resp. at 3.) Plaintiffs claim that "[p]roof of prior suicides and the specifics of such, including Defendant's reaction thereto, are elemental to Plaintiffs' claims, and should not be excluded." (Pls.' Resp. at 6.)

In making this argument, Plaintiffs cite to Greason v. Kemp where the Eleventh Circuit allowed plaintiff to introduce evidence of a previous suicide at a jail to allow the jury to determine whether defendant's failure to revamp inadequacies in the jail personnel's mental health and psychiatric care training program constituted deliberate indifference. 891 F.2d 829, 837-38 (11th. Cir. 1990). However, the facts in Greason are distinguishable from the facts of the instant case. In Greason, the prison psychiatrist abruptly discontinued an inmate's medication without reviewing information available to him discussing the inmate's previous suicidal tendencies. Id. at 831-33. The court noted that the prison's clinical director was aware of "the severe lack of staff members capable of providing psychiatric care to the inmates." Id. at 837. The director, as the prison psychiatrist's supervisor, reviewed the psychiatrist's notes and was also aware of a previous incident

2

in which the psychiatrist's discontinuation of another inmate's medication led to that inmate committing suicide. Id. at 838.

This record is devoid of evidence showing that the previous suicides would be relevant to Defendant's ability to foresee the suicide of Plaintiffs' decedent or Defendant's complete indifference to the decedent.

Accordingly, after a careful review of the record, the motions and the responses thereto, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant's Motion *in Limine* to Exclude Expert Witness Testimony be, and the same is hereby, TENTATIVELY GRANTED. However, Plaintiffs may attempt to reintroduce expert testimony at trial once they have established other evidence tending to show deliberate indifference on the part of Defendant. It is further

ORDERED and ADJUDGED that Defendant's Motion *in Limine* to Preclude Evidence of Other Suicides be, and the same is hereby, GRANTED.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 29th day of May, 2003.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

3

Case 4:02-cv-10064-JLK   Document 41   Entered on FLSD Docket 05/30/2003   Page 4 of 4

cc: Bruce W. Jolly, Esq.
PURDY, JOLLY & GUIFFREDA, P.A.
1322 S.E. Third Avenue
Ft. Lauderdale, Florida 33316

Robert Ader, Esq.
Bank of America Tower, Ste. 3550
100 S.E. 2nd Street
Miami, Florida 33131