UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-10064-CIV-KING/O'SULLIVAN

LOUISE COOK, as Personal Representative
of the Estate of Daniel F. Tessier, and
JONATHAN TESSIER, a minor,

    Plaintiffs,

v.

RICK ROTH, as Sheriff of Monroe County,
Florida,

    Defendant.

_____/



## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the Defendant Rick Roth's Motion To Tax Costs (DE#62, 8/26/03). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable James Lawrence King, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636 (b). Having reviewed the applicable filings and law, the undersigned respectfully recommends that the aforementioned motion be GRANTED IN PART and DENIED IN PART as more fully explained below.

### BACKGROUND

The Honorable James Lawrence King conducted a trial on this matter in August 2003. On August 21, 2003, the District Court issued an Order (DE # 60) granting the Defendant's Motion for Judgment as a Matter of Law. On the same date, the District Court entered a Judgment on Decision by the Court (DE # 61). The defendant filed the



instant motion on August 25, 2003 (DE # 62).  The plaintiffs requested and were granted four enlargements of time to respond to the the Defendant Rick Roth's Motion To Tax Costs (DE#62, 8/26/03). The last enlargement permitted until October 27, 2003, to file a response.  As of the date of this Report and Recommendation no response has been received.  Rule 7.1(C), Local Rules for the United States District Court for the Southern District of Florida provides, in pertinent part:

> Each party opposing a motion shall serve an opposing memorandum of law no later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure. **Failure to do so may be deemed sufficient cause for granting the motion by default**. (Emphasis supplied).

Having received no response from the plaintiffs and a response having been due, the undersigned issues the following Report and Recommendation.

## ANALYSIS

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  A "prevailing party" for purposes of the rule generally. . . is a party in whose favor judgment is rendered, this means the party who won at the trial level, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded.  See All West Supply Co. v. Hill's Pet Products Div., Colgate-Palmolive Co., 153 F.R.D. 667 ( D. Kansas 1994).  The defendant prevailed in the case at bar and,  therefore, is entitled to receive all costs recoverable under 28 U.S.C. § 1920.  A court may only tax those costs which are specifically authorized by statute.

See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

A judge or clerk of any of the United States may tax as costs the following:

    (1) Fees of the clerk and marshal;

    (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and copies of papers necessarily obtained for use in case;

    (5) Docket fees under § 1923 of this title

    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920. In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs. However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. See EEOC v. W&O, Inc., 213 F. 3d 600, 620 (11th Cir. 2000).

The undersigned has reviewed the costs requested made by the defendant and finds that all the costs sought by the defendant are reasonable except the expert witness fee and the mediation fee. There is no indication that the expert witness was court appointed. The Eleventh Circuit has stated:

    We think that the inescapable effect of these

> sections [28 U.S.C. §§ 1920 and 1821] in combination is that a federal court may tax expert witness fees in excess of the $[40]-per-day limit set out in § 1821(b) only when the witness is court appointed. The discretion granted by Rule 54(d) is not a power to evade this specific congressional command. Rather, it is solely a power to decline to tax, as costs, the items enumerated in § 1920.

Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 463 (11th Cir. 1996) (citing Crawford Fitting Company v. J.T. Gibbons, Inc., 482 U.S. 437, 442, 107 S.Ct. 2494, 2497-98 (1987). Moreover, mediation fees are not permitted under the statute. It is recommended that the defendant's request for $4599.97 in costs should be reduced by $1750.00 paid to the defendant's expert and $316.50 paid for mediation. The defendant is entitled to $2533.47 in costs.

In accordance with the above and foregoing, it is hereby

**RECOMMENDED** that the Defendant Rick Roth's Motion To Tax Costs (DE#62, 8/26/03) be GRANTED IN PART AND DENIED IN PART and the defendant be awarded a total of $2,533.47 in costs. The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable James Lawrence King, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); See Also, RTC v.

<u>Hallmark Builders, Inc.</u>, 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this ____ day of November, 2003.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

United States District Judge King

All counsel of record